# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

## DOCKETING STATEMENT

Case Name: **NATIONAL AMERICAN INSURANCE COMPANY, an Oklahoma Corporation, Plaintiff, v. J.R. MISKEN INSURANCE SERVICES, INC., a California Corporation; SIGNATURE UNDERWRITERS, INC., a Colorado Corporation; and JAMES R. MISKEN, an individual, Defendants.**

Appeal No. (if available): **04-1507**

Court/Agency Appeal From: **United States District Court for the District of Colorado**

Court/Agency Docket No.: **02M1990 (MJW)**     District Judge: **Richard P. Matsch**

Party or Parties filing Notice of Appeal/Petition: **National American Insurance Company, Appellant**

1. **TIMELINESS OF APPEAL OR PETITION FOR REVIEW**

    1. **APPEAL FROM DISTRICT COURT**

        1. Date notice of appeal filed: **November 30, 2004**

            1. Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing notice of appeal: **No.**

            2. Is the United States or an officer or an agency of the United States a party to this appeal? **No.**

        2. Authority fixing time limit for filing notice of appeal:

            | | |
            |---|---|
            | Fed. R. App. 4 (a)(1)(A) ✓ | Fed. R. App. 4(a)(6) ____ |
            | Fed. R. App. 4 (a)(1)(B) ____ | Fed. R. App. 4(b)(1) ____ |
            | Fed. R. App. 4 (a)(2)    ____ | Fed. R. App. 4(b)(3) ____ |
            | Fed. R. App. 4 (a)(3)    ____ | Fed. R. App. 4(b)(4) ____ |
            | Fed. R. App. 4 (a)(4)    ____ | Fed. R. App. 4(c)    ____ |

       Fed. R. App. 4 (a)(5)  \_\_\_\_
       Other: _____

3. Date final judgment or order to be reviewed was filed and **entered** on the district court docket: **November 1, 2004**

4. Does the judgment or order to be reviewed dispose of **all** claims by and against **all** parties? *See* Fed. R. Civ. P. 54(b).
**Yes.**

**(If the order being appealed is not final, please answer the following questions in this section.)**

   1. If not, did district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?
**Not applicable.**

   2. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)? **N/A**

   3. If none of the above applies, what is the **specific** statutory basis for determining that the judgment or order is appealable?
**Not applicable.**

5. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   1. Give the filing date of any motion under Fed. R. Civ. P. 50(b), 52(b), 59, 60, including any motion for reconsideration, and in a criminal appeal any motion for judgment of acquittal, for arrest of judgment or for new trial, filed in the district court: **None.**

   2. Has an order been entered by the district court disposing of that motion, and, if so, when? **Not applicable.**

6. Bankruptcy Appeals. (To be completed only in appeals from a judgment, order or decree of a district court in a bankruptcy case or from an order of the Bankruptcy Appellate Panel.)

Are there assets of the debtor subject to administration by a district or bankruptcy court?_____

Please state the approximate amount of such assets, if known.
_____
_____

2. **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the Court of Appeals.)

   1. Date petition for review was filed: _____

   2. Date of the order to be reviewed: _____

   3. Specify the statute or other authority granting the court of appeals jurisdiction to review the order: _____
   _____

   4. Specify the time limit for filing the petition (cite specific statutory section or other authority): _____
   _____

3. **APPEAL OF TAX COURT DECISION**

   1. Date notice of appeal was filed: _____
      (If notice was filed by mail, attach proof of postmark.)

   2. Time limit for filing notice of appeal: _____

   3. Date of entry of decision appealed: _____

   4. Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a)
      _____

**2.  LIST ALL RELATED OR PRIOR RELATED APPEALS IN THIS COURT WITH APPROPRIATE CITATION(S).** If none, please so state.
   **None.**

**3.  GIVE A BRIEF DESCRIPTION OF NATURE OF ACTION AND RESULT BELOW.**

   **This case was before the District Court because of the actions and**

**omissions of Defendant James R. Misken, through Defendants James R. Misken Insurance Services, Inc. and/or Signature Underwriters, Inc. relating to two separate instances which are referred to as the A&B bonds and the S&P bond. Defendants were bonding agents with limited authority to write bonds on behalf of Plaintiff pursuant to the terms and provisions of the Surety Producer Agreement. Defendants issued four bonds for A&B Enterprises, Inc., a division of A&B Asbestos Abatement, Inc. to cover framing and drywall subcontract work on four elementary school projects in Las Vegas, Nevada. Prior to the issuance of the bonds, Defendant Misken represented to Plaintiff that A&B had previously completed drywall projects of similar size and value.**

**After the bonds were written, Plaintiff requested additional information from Defendants to confirm the representations of Defendant Misken and complete its underwriting file. One such request was confirmation of the largest drywall job completed by A&B to date. Defendant Misken was aware that A&B had not completed a prior drywall job as he had reported, but failed to inform Plaintiff of this fact. Defendants also failed to provide other requested information.**

**A&B began experiencing financial difficulties while on the four school projects and sought assistance from Defendants. Knowledge notwithstanding and without approval from or notification to Plaintiff, Defendant Misken issued a "Consent of Surety to Release Contract Funds", addressed to the general**

contractor and signed by Defendant Misken as the purported attorney-in-fact for Plaintiff. This consent authorized the release of almost all of the remaining contract funds to A&B weekly until the various contracts under bond were completed. There is no dispute that the issuance of the Consent was outside the Defendants' authority and that Defendants should have informed Plaintiff of the Consent. Due to Defendants' failure to inform Plaintiff of the financial problems facing A&B prior to or at the time of issuance of the Consent, Plaintiff was prevented from taking all legal action available to a surety when a principal is in trouble. Ultimately, numerous claims were brought against the bonds resulting in a loss to Plaintiff in excess of $2 Million.

With regard to the S&P bond, Defendants issued a bond to Tri-Vest, LLC in the amount of $500,000 for the construction of an apartment complex in Oregon. Calculation of bond premium is based on actual contract price. In this case, the actual contract price was $2,793,960. However, the contract submitted to Plaintiff by Defendants reflected a contract price of $500,000. The bond premium collected was based on $500,000 and not on $2,793,960 as it should have been. The Surety Producer Agreement specifically provides that agents are responsible for payment of premium regardless of whether or not it is collected.

Plaintiff brought claims against Defendants for the damages incurred by reason of Defendants' breach of contract, breach of fiduciary duty, negligent

**misrepresentation, fraud and/or constructive fraud. The parties waived a jury and the matter was tried to the Court before the Honorable Richard P. Matsch in the United States District Court for the District of Colorado. The Court found liability against Defendants for breach of contract and breach of fiduciary duty by the issuance of the Consent, but held that Plaintiff failed to prove actual damages and therefore awarded Plaintiff only one dollar in nominal damages. The Court also found against Plaintiff on the S&P bond claim.**

**4.    ISSUES RAISED ON APPEAL.**

    A.    **The District Court erred in determining that Plaintiff's claim on the S&P bond fails for lack of proof because the Surety Producer Agreement specifically provides that agents are responsible for premium whether or not collected.**

    B.    **The District Court erred in finding that Plaintiff did not prove any actual damages caused by Defendants' actions with respect to the A&B bonds.**

    C.    **The District Court's finding was contrary to the evidence in the case.**

**5.    ADDITIONAL INFORMATION IN CRIMINAL APPEALS.**

1. Does this appeal involve review under 18. U.S.C. § 3742(a) or (b) of the sentence imposed? _____

2. If the answer to question in A is yes, does the defendant also challenge the judgment of conviction?    _____

3. Describe the sentence imposed. _____

_____

4. Was the sentence imposed after a plea of guilty? _____

5. Is defendant on probation or at liberty pending appeal? _____

**NOTE**: In the event expedited review is requested, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered at the time of appeal by completing and delivering the transcript order form to the clerk of the district court when a notice of appeal is filed. Defendant/appellant must refrain from ordering any unnecessary transcript as this will delay the appeal. If the court orders this appeal expedited, it will set a schedule for preparation of necessary transcripts, for designation and preparation of the record on appeal, and for filing briefs. If issues other than sentencing are raised by this appeal, the court will decide whether bifurcation is desirable.

**6.	INDICATE WHETHER ORAL ARGUMENT IS DESIRED IN THIS APPEAL.**
If so, please state why.

**Yes.  Due to the complexity of legal issues involved, Appellant believes that oral argument would materially assist the Court in determining the issues raised herein.**

**7.	ATTORNEY FILING DOCKETING STATEMENT:**

Name**:  Sharon K. Weaver**			Telephone: **918-587-3161**

Firm:  **Riggs, Abney, Neal, Turpen, Orbison & Lewis**

Address:  **502 West Sixth Street**

**Tulsa,  Okahoma  74119**

**PLEASE IDENTIFY ON WHOSE BEHALF THE DOCKETING STATEMENT IS FILED:**

A.	☑	**Appellant**

☐	Petitioner

☐	Cross-Appellant

B. **PLEASE IDENTIFY WHETHER THE FILING COUNSEL IS**

☑ **Retained Attorney**

☐ Court-Appointed

☐ Employed by a government entity
(please specify_____)

☐ Employed by the Office of the Federal Public Defender.

<u>/s/ Sharon K. Weaver</u>   .   <u>**12/09/2004**</u>   .
**Signature**                    **Date**

☑ **Attorney at Law**

**NOTE:** A copy of the court or agency docket sheet, the final judgment or order appealed from, any pertinent findings and conclusions, opinions, or orders, any motion filed under Fed. R. Civ. P. 50(b), 52(b), 59, or 60, including any motion for reconsideration, for judgment of acquittal, for arrest of judgment, or for new trial, and the dispositive order(s), any motion for extension of time to file notice of appeal and the dispositive order, and the notice of appeal or petition for review **must be attached to all copies of the Docketing Statement**, except as otherwise provided in Section I of the instructions.

The original and four copies of this Docketing Statement must be filed.

This Docketing Statement must be accompanied by proof of service.

The following Certificate of Service may be used.

## CERTIFICATE OF SERVICE

I, **Sharon K. Weaver**, attorney for **Appellant** hereby certify that on **December 9, 2004 ,** I sent a copy of the foregoing **Docketing Statement,** to:

> **L. Jay Labe**
> **PENDLETON, FRIEDBERG,**
> **WILSON & HENNESSEY, P.C.**
> **1875 Lawrence Street, 10th Floor**
> **Denver, Colorado  80202-1847**
> **Facsimile:  (303) 831-0786**

the last known address, by way of United States mail or courier.


**/s/ Sharon K. Weaver                                         .**
**Signature**
**12/09/04                                                                    .**
**Dated signed**

**Sharon K. Weaver**

**Riggs, Abney, Neal, Turpen, Orbison & Lewis**

**502 West Sixth Street**

**Tulsa, Oklahoma  74119**
[Printed name and address of person completing service]